UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JUMAANE BRISBY                                                                                    PLAINTIFF

v.                                                                    CIVIL ACTION NO. 3:14cv47-DPJ-FKB

BRIAN MOYNIHAN, et al.                                                                         DEFENDANTS

ORDER

This removed pro se case is before the Court on the motion to dismiss [3] filed by Defendants Brian Moynihan; Bank of America, N.A., successor by merger to BAC Home Loan Servicing, L.P. f/k/a Countrywide Home Loans Servicing, L.P.; and Tange Cain, to which Defendant Emily Kaye Courteau has filed a joinder [6]. Because Plaintiff has failed to plead any facially plausible claims, the motion is granted.

I.      Facts and Procedural History

On December 20, 2007, Plaintiff Jumaane Brisby obtained a $39,900.00 loan from Countrywide Bank, FSB. The note was secured by a Deed of Trust covering Brisby's property on McCluer Road in Jackson, Mississippi. The Deed of Trust listed Recontrust Company, N.A., as trustee and MERS as nominee and beneficiary for Countrywide. In August 2010, MERS assigned the Deed of Trust to BAC Home Loans Servicing, L.P. Cain signed the assignment on behalf of MERS. At some point thereafter, Brisby defaulted on his loan payments, and in May 2013, Bank of America, N.A., successor by merger to BAC Home Loan Servicing, L.P. ("BANA") appointed Emily Kaye Courteau, an attorney with Morris & Associates, as the Substitute Trustee on the Deed of Trust.

On July 17, 2013, Brisby sent a document to Morris & Associates entitled Qualified Written Request, Complaint, Dispute of Debt and Validation of Debt Letter, TILA Request. On

September 17, 2013, Brisby sent a Notice of Conditional Acceptance Pending Proof of Claim to BANA, MERS, and Morris & Associates. In very general terms, both documents disputed BANA's rights under the Deed of Trust. On September 25, 2013, Courteau conducted a foreclosure sale at which BANA purchased the property.

Aggrieved by the foreclosure, Brisby filed this lawsuit against Moynihan, BANA's CEO; BANA, Cain, and Courteau in Hinds County Chancery Court on December 17, 2013. Defendants removed the case to this Court and filed their motion to dismiss. Following the issuance of two show-cause orders, Brisby filed a one-page, nonsubstantive response, and Defendants filed a timely reply. The Court has personal and subject-matter jurisdiction and is prepared to rule.

II.   Standard

In considering a motion under Rule 12(b)(6), the "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999)). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

To overcome a Rule 12(b)(6) motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the

allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (citations and footnote omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Ordinarily, in ruling on a Rule 12(b)(6) motion, the Court should look only to the face of the complaint to assess whether the plaintiff states a claim. However, the Court may consider documents outside the complaint that are "(1) attached to the motion; (2) referenced in the complaint; and (3) central to the plaintiff's claims." *Maloney Gaming Mgmt., L.L.C. v. St. Tammany Parish*, 456 F. App'x 336, 341 (5th Cir. 2011) (citations omitted). Here, most of the factual background was gleaned from documents submitted by Defendants in support of their motion. The documents submitted are central to Plaintiff's claims and are therefore properly before the Court.

In this case, Brisby is proceeding pro se. "It is well-established that 'pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers.'" *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (citing *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981)). "However, regardless of whether the plaintiff is proceeding pro se or is represented by counsel, 'conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss.'" *Id.* (citing *S. Christian Leadership Conference v. Supreme Court of the State of La.*, 252 F.3d 781, 786 (5th Cir. 2001) (additional citation omitted)).

III.   Analysis

Brisby's 28-page Complaint, supplemented by an 11-page Judicial Notice of Adjudicative Facts, does not contain separate counts or assert discrete claims. Defendants have characterized

Brisby's Complaint as possibly asserting one or more of the following nine claims: (1) wrongful foreclosure, (2) theft, (3) fraud, (4) fraudulent conveyance, (5) violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), (6) violation of the Fair Debt Collection Practices Act ("FDCPA"), (7) violation of the Real Estate Settlement Procedures Act ("RESPA"), (8) violation of the Federal Deposit Insurance Act ("FDIA"), and violation of 18 U.S.C. § 1001. The Court's review of the Complaint does not suggest any additional claims, and Brisby did not clarify his claims in response to Defendants' motion. The Court will therefore address the claims identified by Defendants.

      A.      Wrongful Foreclosure

Mississippi law recognizes a claim for wrongful foreclosure "when a foreclosure is attempted solely for a malicious desire to injure the mortgagor or the foreclosure is conducted negligently or in bad faith to the mortgagor's detriment." *Teeuwissen v. JP Morgan Chase Bank, N.A.*, 902 F. Supp. 2d 826, 833 (S.D. Miss. 2011) (citations omitted). A wrongful-foreclosure claim may also lie based on "procedural shortcomings in the foreclosure process." *Id.* at 834.

Brisby does not clearly articulate any way in which the foreclosure sale was procedurally deficient. Nor does he allege facts that would support a finding that the sale was conducted negligently or in bad faith. A liberal reading of the Complaint suggests that Brisby claims that Courteau had no right to conduct a foreclosure sale because MERS's assignment of the Deed of Trust to BANA was void. As an initial matter, Brisby lacks standing to challenge the assignment. *See Jefferson v. Mortg. Elec. Registration Sys., Inc.*, No. 1:12cv368-HSO-RHW, 2013 WL 8702700, at *4 (S.D. Miss. Dec. 13, 2013) (citing *Farkas v. GMAC Mortg., LLC*, 737 F.3d 338, 342 (5th Cir. 2013)).

Turning to the substance of his allegations, Brisby appears to assert that the assignment was void for either of two reasons:  (1) MERS lacked the authority to assign the Deed of Trust, and (2) BANA does not possess the original note.  Neither argument supports Brisby's wrongful-foreclosure claim.

The Deed of Trust Brisby granted to Countrywide gave MERS all powers available to Countrywide under the instrument:

> Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right:  to exercise any and all of those interests, including, but not limited to, the right to foreclose and sell the Property, and to take any action required of Lender, including but not limited to, releasing and cancelling this Security Instrument.

Deed of Trust [3-2] at 2.  And the Deed of Trust allows the Note "together with this Security Instrument" to be sold "without prior notice to Borrower."  *Id.* at 7.  These provisions, taken together, gave MERS the authority to assign the Deed of Trust to BANA.  *See Reynolds v. Bank of Am., N.A.*, No. 3:12cv1420-L, 2013 WL 1904090, at *8 (N.D. Tex. May 8, 2103).

Nor does the allegation that BANA does not physically possess the original note render the foreclosure wrongful.  The split-note or show-me-the-note theory has been "repeatedly discredited" by the district courts in Mississippi.  *Greene v. Indymac Bank, FSB*, No. 3:12cv347-DPJ-FKB, 2012 WL 5414097, at *2 (S.D. Miss. Nov. 6, 2012) (citations omitted); *see also Wigginton v. Bank of N.Y. Mellon*, 488 F. App'x 868, 870 (5th Cir. 2012) (applying Texas law).  Brisby's allegations do not state a facially plausible claim for wrongful foreclosure.

B.     Theft/Conversion

Brisby asserts that Defendants engaged in "illegal conversion (theft) of Plaintiff's note/security/money." Compl. [1-1] at 2. "To establish a conversion, 'there must be proof of a wrongful possession, or the exercise of a dominion in exclusion or defiance of the owner's right, or of an unauthorized and injurious use, or of a wrongful detention after demand.'" *McCool v. Coahoma Opportunities, Inc.*, 45 So. 3d 711, 715 (Miss. Ct. App. 2010) (citing *Cmty. Bank of Ellisville, Miss. v. Courtney*, 884 So. 2d 767, 772–73 (Miss. 2004)) (additional citation omitted). To the extent Brisby's claim is based on the allegedly ineffective assignment of the Note or Deed of Trust, as explained above, there was nothing untoward about the assignment. If Brisby instead complains that his loan payments were converted by BANA, BANA, as the holder of the Note, had the right to collect payments thereunder, so its collection was not wrongful. In sum, Brisby offers no factual allegations that would support a claim for conversion under Mississippi law.

C.     Fraud

To state a fraud claim under Mississippi law, a plaintiff must "state[] with particularity" "the circumstances constituting fraud." Miss. R. Civ. P. 9(b). "These circumstances include the time, place, and contents of the fraudulent representation." *Anderson v. Equitable Life Assur. Soc. of U.S.*, 248 F. Supp. 2d 584, 593 (S.D. Miss. 2003) (citing *Allen v. Mac Tools, Inc.*, 671 So. 2d 636, 642 (Miss. 1996)). While Brisby alleges that Defendants committed fraud, no particular defendant is charged with making any particular representation. The Complaint thus fails to state a facially plausible claim for fraud.

D.  Fraudulent Conveyance

"[T]o maintain a fraudulent conveyance action, there must be a creditor to be defrauded, a debtor intending to defraud and a conveyance of property which is appropriable by law to the payment of the debt due." *Parker v. Livingston*, 817 So. 2d 554, 562 (Miss. 2002). Brisby appears to suggest that the foreclosure sale amounted to a fraudulent conveyance under Mississippi law insofar as Brisby was a creditor owed a debt by BANA. He claims he is a creditor under 12 U.S.C. § 1813, a section of the FDIA that defines certain terms. But "creditor" is not among the defined terms of that statute, which has nothing to do with Mississippi fraudulent-conveyance claims. Instead, the pertinent Mississippi statute defines creditor as "a person who has" "a right to payment, whether or not the right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured." Miss. Code Ann. § 15-3-101(c), (d). Brisby does not allege facts that would support a finding that he was a creditor of BANA. Brisby does not state a fraudulent-conveyance claim.

E.  RICO

Brisby makes passing reference to a section of RICO, asserting that Defendants "have attempted to collect without the note using the U.S. Mails, (mail fraud) have issued counterfeit securities, a breach of 18 U.S.C. §§ 1341 and 1962, . . . and are estopped from arguing." Compl. [1-1] at 8. To the extent the underlying basis for the claim is the discredited split-note theory, the claim fails. Moreover, Brisby has failed to plead any facts that would support a finding that Defendants committed any predicate acts of mail fraud. *See Dale v. Ala Acquisitions, Inc.*, 203 F. Supp. 2d 694, 701–02 (S.D. Miss. 2002) ("[T]o establish a claim for mail fraud, plaintiffs

must establish that defendants were involved in a scheme to defraud involving the use of mails for the purpose of executing the scheme."). Brisby has not stated a RICO claim.

    F.    FDCPA

Brisby asserts that Defendants' failure to respond to his Qualified Written Request, and their foreclosure following receipt of that document, violated the FDCPA, specifically 15 U.S.C. § 1692g related to disputed debts. But the FDCPA applies only to debt collectors, not creditors like mortgagees and mortgage servicing companies. *Fouché v. Shapiro & Massey, L.L.P.*, 575 F. Supp. 2d 776, 783 (S.D. Miss. 2008) (citation omitted); *see* 15 U.S.C. § 1692a (defining debt collector as one who "collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due *another*" (emphasis added)). Brisby has made no allegation that would support a finding that any Defendant is a debt collector as defined in the FDCPA. Brisby fails to state a facially plausible FDCPA claim.

    G.    RESPA

Brisby also asserts that Defendants' failure to respond to his Qualified Written Request violated RESPA, specifically 12 U.S.C. § 2605(e), which requires a loan servicer to respond to borrower inquiries. To state a claim under that section, Brisby must "plead that [his] correspondence met the requirements of a QWR, that [Defendants] failed to make a timely response, and that this failure caused [Brisby] actual damages." *Williams v. Wells Fargo Bank, N.A.*, No. 13-10233, 2104 WL 1044304, at *7 (5th Cir. Mar. 19, 2014). A review of Brisby's factual allegations underpinning the RESPA claim shows that it relates to his otherwise meritless legal theory that BANA's failure to possess the note made the foreclosure unlawful. *See* Compl. [1-1] at 9–10 (referencing 12 U.S.C. § 2605(e) and complaining that Defendants' "failure to

8

disclose that it/they did not have the subject note/security and were without authority to foreclose"). Moreover, as in *Williams*, Brisby does not link any damages to the alleged RESPA violation. Brisby fails to state a RESPA claim.

  H. FDIA

Brisby references a section of the FDIA, 12 U.S.C. § 1813, multiple times throughout the Complaint. That section provides the definitions applicable to the FDIA. Brisby explains that Defendants "had a duty pursuant to 12 USC § 1813, to surrender Plaintiff's unaltered instrument/note, or else to pay the face amount of the instrument, plus damages." Compl. [1-1] at 4. But it is not clear how § 1813 provides such a duty or relates to Brisby's claims. Regardless of the basis for the purported FDIA claim, numerous district courts have held that the FDIA does not provide a private right of action for individuals allegedly harmed by a violation thereof. *See Tidwell v. JP Morgan Chase Bank, N.A.*, No. C-13-2621-EMC, 2013 WL 5539414, at *8 (N.D. Cal. Oct. 8, 2013); *Wright v. Accredited Home Lenders*, No. C11-5000BHS, 2011 WL 2149997, at *3 (W.D. Wash. May 17, 2011); *Patterson v. Long Beach Mortgage Co.*, No. 3:07cv1602-O-BH, 2009 WL 4884151, at *4 (N.D. Tex. Dec. 15, 2009); *Mitchell v. First National Bank of Dozier*, 505 F. Supp. 176, 177 (M.D. Ala. 1981). Brisby offered no argument to the contrary, and the Court concludes that he fails to state a claim under the FDIA.

  I. 18 U.S.C. § 1001

Finally, Brisby asserts that Defendants' failure to respond to his Qualified Written Request "while proceeding with its foreclosure was intentionally misleading (with regard to is [sic] alleged authority to foreclose) in violation of 18 USC § 1001." Compl. [1-1] at 10. The statute referenced is a federal criminal statute, and numerous courts have found that it does not

contain a private right of action. *E.g.*, *Abou-Hussein v. Gates*, 657 F. Supp. 2d 77, 81 (D.D.C. 2009); *Williams v. McCausland*, 791 F. Supp. 992, 1001 (S.D.N.Y. 1992). Again, Brisby has not rebutted Defendants' argument, and fails to state a civil claim under 18 U.S.C. § 1001.

IV.     Conclusion

The Court has considered all of the parties' arguments. Those not specifically addressed would not have changed the outcome. Because Brisby's Complaint fails to state a facially plausible claim under any of the potential causes of action identified by Defendants, Defendants' motion to dismiss [3] is granted, and this case is dismissed with prejudice. *See Wigginton*, 488 F. App'x 868 (affirming dismissal with prejudice of split-note case where district court concluded amendment would be futile). A separate judgment will be entered in accordance with Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED** this the 30th day of June, 2014.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE